[Civ. No. 3500.  First Appellate District, Division One.—November 5, 1920.]

D. H. KASH et al., Appellants, v. B. PAULE, Respondent.

[1] BROKERS' COMMISSIONS—FAILURE TO CONSUMMATE SALE—SUFFICIENCY OF EVIDENCE.—In this action to recover commissions claimed to be due under a written instrument appointing plaintiffs as agents to sell real and personal property of the defendant, the evidence is held sufficient to support the finding that the plaintiffs did not consummate the sale.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. W. Tackaberry for Appellants.

Harris & Harris for Respondent.

WASTE, P. J.—This is an appeal from a judgment in favor of the defendant, after motion for a new trial made and denied. The action is one to recover commissions claimed to be due under a written instrument, which, it is

---

1. When broker's commissions are earned, notes, 28 **Am. St. Rep.** 546; 139 **Am. St. Rep.** 225.

alleged, appointed plaintiffs exclusive agents to sell certain real and personal property of the defendant. It is further alleged that pursuant to the agreement the plaintiffs procured purchasers ready, willing, and able to, and who did actually, purchase the real property for the sum of fifteen thousand five hundred dollars. The court found these allegations to be untrue. In seeking a reversal, appellants contend that the evidence is insufficient to justify the judgment, and that the decision is against law.

Plaintiffs were engaged in the real estate business, and Mr. Besoyan was engaged in the same kind of business in a neighboring town. They sometimes worked together, and frequently exchanged lists of available properties. On May 13, 1919, the defendant, B. Paule, one of the owners, by an instrument in writing, appointed plaintiffs as agents to sell the real property, together with certain personal property located thereon, all for the sum of fifteen thousand five hundred dollars, on terms specified, agreeing to pay them five per cent commission on the selling price. This authorization was to remain in full force and effect for eight days, and thereafter until revoked by the defendant in writing. Appellants contend that they were appointed the exclusive agents to sell the property, but there is nothing in the writing that warrants the contention.

[1] In arriving at a solution of the tangle arising out of the sale of the property, much depends upon the connection the real estate agent Besoyan had with it. The testimony is confused and contradictory as to the time when Mr. Besoyan first came into the transaction. Mr. Paule, one of the owners of the ranch, testified that he told Besoyan the property was for sale on May 24th, and that Besoyan returned the next day with Mr. Furlong, and the day following with Hardison, the two purchasers of the place. There is other evidence tending to corroborate this view. Newton, one of the plaintiffs, testified that on June 1st Besoyan obtained from plaintiffs a listing of the property, and that the plaintiffs took Besoyan and "his buyer" to see the place. Besoyan testified that he first learned the place was for sale about June 1st, from the plaintiffs, when he "took a couple of buyers" to see it. The property was ultimately purchased by Hardison and Furlong, and it clearly appears that

Besoyan first took them to inspect the property. There is no doubt that they first learned that the property was for sale through him. Besoyan stated to them that the price of the property was sixteen thousand dollars. Hardison and Furlong offered fifteen thousand five hundred dollars, which was refused. Shortly after this Hardison and Furlong learned through another agent, Glidden, that the property could still be purchased for fifteen thousand five hundred dollars. Feeling that they were under obligations to Besoyan, they then returned to him, informed him that they had learned the property could be had at the lesser figure, and again offered him a chance to make the sale on those terms. Besoyan's reply was: "Go to it, if you can. I can't do it." They thereupon completed negotiations, and effected the sale through Glidden. The buyers do not appear to have known the plaintiffs in the transaction at all, and had no dealings with them.

It is the respondent's theory of the case that Besoyan was acting in his own behalf, and in his individual capacity as agent, in the transaction. The trial court accepted this view, for it expressly found that the plaintiffs did not consummate the sale.

The judgment is affirmed.

Richards, J., and Beasly, J., *pro tem.*, concurred.